# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| JOHN JOHNSON § | | |
| Plaintiff § | | |
| § | | |
| vs. § | CIVIL ACTION NO. | 7:20-cv-117 |
| § | | |
| § | | |
| § | | |
| HERC RENTALS, INC., D/B/A § | | |
| HERTZ EQUIPMENT RENTALS, § | | |
| JLG INDUSTRIES, INC. § | | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff John Johnson files this, his Original Complaint against Herc Rentals, Inc., d/b/a Hertz Equipment Rentals, and JLG Industries, Inc.

## PARTIES

1. Plaintiff John Johnson ("Johnson") is a Texas resident living in Synder, Texas.

2. Defendant Herc Rentals, Inc., D/B/A Hertz Equipment Rentals, ("Herc") is a corporation organized under the laws of Delaware that maintains it principal place of business in Bonita Springs, Florida. Herc may be served with process via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136,

3. Defendant JLG Industries, Inc., ("JLG") is corporation organized under the laws of Pennsylvania that maintains its principal place of business at 1 JLG Drive, McConnellsburg, Pennsylvania. JLG may be served via its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because this suit involves a controversy between parties of diverse citizenship and an amount in controversy that exceeds $75,000.

5. Venue is proper in this District pursuant to §1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this District and because the harm Plaintiff suffered as a consequence of the defendants' action occurred in this district.

**FACTS APPLICABLE TO ALL CLAIMS**

6. On June 13, 2018, Johnson was working on a rig-move for RFC Drilling. As part of these efforts, a "gas buster," which weighed approximately 8 tons, was being moved by a forklift manufactured and designed by JLG ("the Product"). The following picture depicts the Product:



7. Upon information and belief, Johnson's employer (RFC Drilling) rented the Product from Herc at "Hertz Equipment Rentals" located at 8282 E Interstate 20, Midland, Texas 79706. Before June 13, 2018, Johnson and his co-workers had repeatedly complained that the Product was malfunctioning and in need of service. These complaints and requests were made directly to Herc, which indicated that it would service the Product when it had the opportunity to do so. Herc, however, waited too long.

8. As Johnson was performing his work activities near the Product, it malfunctioned such that the arm of the forklift began moving. This was the type of malfunction that Johnson and his colleagues had complained of and attempted to have fixed.

9. Due to the Product "booming-in" by itself, it lost control of the 8-ton gas buster, which subsequently crushed Johnson's leg.

10. Johnson had to be rushed by ambulance to a nearby airport so that he could be life-flighted to Midland Medical Center. Thirty-two stiches and surgery were required to treat Johnson. Moreover, due to the extent of his injuries, Johnson was forced to miss time from work.

11. At present, Johnson has not been released back to work. It is clear, though, that Johnson's life will never be the same.

## CAUSES OF ACTION

### A. Negligence: Herc

12. Johnson incorporates for reference and for all purposes all facts contained elsewhere in this Original Complaint as if fully set-forth herein.

13. Herc owed a duty of reasonable care with respect to the industrial equipment it rented for use.

14. Herc was advised of a problem with the Product that injured Johnson, and that the Product was in need of maintenance.

15. Among other things, Herc was negligent in the following manner:

   a. Failing to take ordinary care to protect Johnson;

   b. Failing to ensure that the equipment it rented was safe for its intended use;

   c. Failing to timely repair and conduct maintenance on the Product; and

   d. Failing to advise of potential defects and problems with the Product.

16. Herc's negligence was a proximate cause of Johnson's injuries and damages, which include:

   a. Past and future physical pain, mental anguish and suffering;

   b. Past and future physical impairment, disfigurement, and disability of Johnson;

   c. Past and future medical expenses that Plaintiff has incurred and will continue to incur;

   d. Past and future lost wages;

   e. Court costs;

   f. Pre- and post-judgment interest; and

   g. Any and all other damages, both general and special, at law and in equity, to which Plaintiff is justly entitled.

**B. Gross Negligence: Herc**

17. The conduct of Herc constitutes gross negligence because it had objective awareness of an extreme degree of harm to Johnson. Despite having that knowledge, Herc proceeded with conscious indifference. As a result, Johnson requests that he be awarded punitive damages.

## C. Product Liability (Manufacturing Defect / Product Defect / Negligence): JLG

18. Johnson incorporates for reference and for all purposes all facts contained elsewhere in this Original Complaint as if fully set-forth herein.

19. JLG owed a duty of reasonable care with respect to the products it designs and manufacturers for sale. JLG breached that duty of reasonable care by failing to design and manufacture the Product in a reasonable manner.

20. The Product that injured Johnson suffered from a defect that posed an unreasonable risk of harm.

21. The Product's defective condition occurred because (1) the Product deviated in its construction or quality from its specifications or planned output in a manner that rendered it unreasonably safe; or (2) the Product was defectively designed, which rendered it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. If the Product's condition occurred because of the latter, there was a reasonably safe alternative design that would have prevented or substantially reduced the risk of harm posed by the Product, and was economically and technologically feasible at the time the Product left the control of JLG.

22. JLG's conduct, and the Product's defect(s) legal caused Johnson's injuries and damage, including:

   a. Past and future physical pain, mental anguish and suffering;

   b. Past and future physical impairment, disfigurement, and disability of Johnson;

   c. Past and future medical expenses that Plaintiff has incurred and will continue to incur;

   d. Past and future lost wages;

   e. Court costs;

f. Pre- and post-judgment interest; and

   g. Any and all other damages, both general and special, at law and in equity, to which Plaintiff is justly entitled.

## RESPONDEAT SUPERIOR

23. Defendants are liable for the negligence of their employees, agents, and vice-principals, which occurred during the course and scope of their employment / affiliation with Defendants. Specifically, they had a general duty to exercise reasonable care in performing their work. This did not occur. As a result, Defendants are liable for Plaintiff's injuries and damages.

## ALTERNATE THEORIES OF RECOVERY

24. Pursuant to Federal Rule of Civil Procedure 8, Johnson's causes of action are pled in the alternative, and should not be read to prejudice either claim.

## JURY DEMAND

25. Plaintiff respectfully requests that this matter be decided by a jury.

## PRAYER

Plaintiff John Johnson respectfully requests that Defendants Herc Rentals, Inc., d/b/a Hertz Equipment Rentals, and JLG Industries, Inc., be cited to appear and that, upon conclusion of the trial in this matter, judgment be entered against the defendants for the following damages:

   a. Past and future physical pain, mental anguish and suffering;

   b. Past and future physical impairment, disfigurement, and disability of Plaintiff;

   c. Past and future medical expenses that Plaintiff has incurred and will continue to incur;

   d. Past and future lost wages;

   e. Court costs;

   f. Pre- and post-judgment interest;

   g. Exemplary Damages (against Herc Only); and

h. Any and all other damages, both general and special, at law and in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**FERNELIUS SIMON PLLC**


By: */s/ Joel C. Simon*
Stephen M. Fernelius
State Bar No. 06934340
Email: steve.fernelius@trialattorneytx.com
Joel C. Simon
State Bar No. 24046850
Email: joel.simon@trialattorneytx.com
1221 McKinney, Suite 3200
Houston, Texas 77010-3095
Telephone: 713-654-1200
Facsimile: 713-654-4039

**AMBERLAW, PLLC**

*/s/ Rachel Ambler*
State Bar No. 24081954
Rachel@RachelAmbler.com
511 N. Lincoln Avenue
Odessa, Texas 79761
Telephone: 432-203-0303
Fax: 888-692-3331

**ATTORNEYS FOR PLAINTIFF JOHN JOHNSON**